IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00775-BNB

BALIN ALLEN,

    Plaintiff,

v.

JAMES S. DIMON,
JP MORGAN CHASE HOME LOANS,
TIMOTHY GEITHNER, Secretary of the Treasury, U.S.,
ERIC HOLDER, U.S. Attorney General, as Alien Property Custodian, and
ALL PERSONS UNKNOWN (claiming any legal or equitable right, title, estate, lien, or
    interest in the property described in the complaint adverse to Plaintiff's title, or
    any cloud upon Plaintiff's title thereto),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 0 2010

GREGORY C. LANGHAM
                    CLERK

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Balin Allen, has filed *pro se* an amended complaint pursuant to 28 U.S.C. § 1332 titled "Quiet Title Action & Correct Public Record." He also has filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Allen's filings liberally because he is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Allen will be directed to file a second amended complaint.

Mr. Allen's jurisdictional statement is unnecessarily verbose. He fails to allege any claims, stating only that the purpose of the complaint is to "quiet title, correct public

record, [and] correct information given to reporting agencies." Amended Complaint at 9. In lieu of claims, he directs the Court and Defendants to 211 pages of unexplained exhibits to determine his asserted claims. However, it is not a judicial function to sift through exhibits to determine how they might support the plaintiff's claims. The general rule that *pro se* pleadings must be construed liberally has limits and the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Allen's amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal

pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Allen to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Allen fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the amended complaint and attachments are vague, and excessively and unnecessarily long. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Allen will be directed to file a second amended complaint that complies with the pleading requirements of Rule 8. Mr. Allen is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Allen, therefore, will be directed to file a second amended complaint that contains a short and plain statement of the statutory grounds for the Court's jurisdiction, states his claims clearly and concisely, asserts what rights were violated, and alleges specific facts demonstrating the reason or reasons for suing each named defendant. Accordingly, it is

ORDERED that Plaintiff, Balin Allen, file **within thirty days from the date of**

**this order** a second amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Allen, together with a copy of this order, two copies of the Court-approved complaint form to be used in submitting the second amended complaint. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Allen fails to file a second amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED April 20, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00775-BNB

Balin Allen
2830 Edinburgh Court
Fort Collins, CO 80525

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 4/20/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk