IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00775-BNB

BALIN ALLEN,

   Plaintiff,

v.

JP MORGAN CHASE HOME LOANS,
JAMES S. DIMON, CEO U.S. Consumer, and
ALL PERSONS UNKNOWN (claiming any legal or equitable right, title, estate, lien, or
   interest in the property described in the complaint adverse to Plaintiff's title, or
   any cloud upon Plaintiff's title thereto),

   Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 03 2010

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Plaintiff, Balin Allen, initiated this action on April 6, 2010 by filing a *pro se* document titled "Petition to, [sic] Set Aside and Cancel Note and Deed of Trust for Fraud, Usuary [sic], Fraud in Inducment [sic], Fraud in Fact, Claim in Recoupment, and Quiet Title Against All Known Counter and Cross Defendants and for Declaratory and Injunctive Relief and Notice of Invocation of Reserved Rights." On April 12, 2010, he filed a *pro se* amended complaint pursuant to 28 U.S.C. § 1332 titled "Quiet Title Action and Correct Public Record." He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Allen's filings liberally because he is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se*

litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons set forth below, the action will be dismissed.

On April 20, 2010, Magistrate Judge Boland ordered Mr. Allen to file a second amended complaint. The order noted that Mr. Allen's jurisdictional statement in his amended complaint was unnecessarily verbose and that he failed to allege any claims, stating only that the purpose of the complaint was to "quiet title, correct public record, [and] correct information given to reporting agencies." Amended Complaint at 9. The order further noted that, in lieu of claims, Mr. Allen directed the Court and Defendants to 211 pages of unexplained exhibits. Accordingly, Magistrate Judge Boland found that the amended complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. Allen was therefore directed to file a second amended complaint that complied with the pleading requirements of Rule 8 by stating his claims clearly and concisely, asserting what rights were violated and alleging specific facts demonstrating the reason or reasons for suing each defendant. Mr. Allen was reminded that it was his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Allen filed a second amended complaint on May 18, 2010. In the second amended complaint, Mr. Allen again fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For instance, Mr. Allen's first claim for relief asserts the following: "JP Morgan Chase Home Loans -

first and second mortgages Tender of Payment: 1. U.C.C. - Article 3 - Negotiable Instruments, Part 6. 2. Copy of Bond # BA0208SB1011 (2008) 3. Copy of Bond # BA0208SB1012 (2008) 4. Copy of International Promissory Note # RE595007597US (2010) 5. Copy of International Promissory Note # RE595007645US (2010)." Second Amended Complaint at 4. Mr. Allen's second claim for relief is likewise unintelligible and devoid of supporting facts and allegations. In addition, interspersed with the claims for relief in the second amended complaint are numerous unexplained exhibits, attachments, and affidavits.

In the April 20 order to file a second amended complaint, Magistrate Judge Boland noted that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). He further noted that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Magistrate Judge Boland specifically pointed out that Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." He further pointed out that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct." He explained that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. He also explained that prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. He noted that in order for Mr. Allen to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Like the complaint and amended complaint he previously filed, Mr. Allen's second amended complaint is verbose, vague and confusing. He again fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). In the April 20 order for a second amended complaint, Magistrate Judge Boland pointed out that Mr. Allen clearly expected the Court, as well as Defendants, to piece together his claims and their factual support. Noting that this is not a judicial function, Magistrate Judge Boland explained that it is Mr. Allen's responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. Magistrate Judge Boland emphasized that Mr. Allen must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

In the second amended complaint, Mr. Allen still expects the Court and Defendants to piece together his claims and their factual support. As Magistrate Judge

Boland noted in the April 20 order, that is not a judicial function. It remains Mr. Allen's responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the second amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and must be dismissed. Accordingly, it is

ORDERED that the second amended complaint and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 3rd day of June, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00775-BNB

Balin Allen
2830 Edinburgh Court
Fort Collins, CO 80525

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/3/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk